*637 OPINION.
Smith:
1. The first question for consideration is whether the petitioners are entitled to deduct from their gross incomes of 1935 any amount by reason of losses sustained through the operation of the Belbrook Stables, claimed to be a partnership business operated by the petitioners for profit. In his deficiency notice in the case of petitioner Wegeforth the respondent stated:
The Belbrook Stables were operated by you with your daughter, Mrs. H. H. Beleher, for breeding, raising and training horses for exhibition purposes to be entered in various horse shows on the Pacific Coast and elsewhere. Although such stables were maintained by you for several years previous to the taxable year, the operations always resulted in losses which were not claimed as deductions on your income tax returns.
*638 Information at hand indicates such stables were operated in the taxable year for personal pleasure and as hobbies by yourself and your daughter, in the same manner that they were operated in prior years. * * *
Although the net operating losses of the Belbrook Stables for the year 1935 were $32,604.87, the petitioners each claimed the deduction from gross income of only $9,876.08. This is the only amount of the loss for 1935 in issue in these proceedings.
The petitioners admit that the Belbrook Stables were not operated for profit prior to 1935. They claim that in 1935 the stables were operated as a business and with the expectation of deriving a profit therefrom; that beginning with 1935 show horses with the best blood strains werte converted into brood mares and that the stables began to be extensively advertised.
From a consideration of all of the evidence we can not doubt that it was the intention of the petitioners to operate the Belbrook Stables in 1935 for the purpose of deriving a profit therefrom. Each of the petitioners is entitled to deduct from her gross income of 1935 one-half of the loss here in issue, or $9,876.08. This determination is upon the authority of Thomas F. Sheridan, 4 B. T. A. 1299; George D. Widener, 8 B. T. A. 651; affd. (C. C. A., 3d Cir.), 33 Fed. (2d) 833; Margaret E. Amory, 22 B. T. A. 1398; Commissioner v. Field (C. C. A., 2d Cir.), 67 Fed. (2d) 876; Dupont v. United States (Dist. Ct., Dist. of Del.), 28 Fed. Supp. 122; Farish v. Commissioner (C. C. A., 5th Cir.), 103 Fed. (2d) 63.
2. The second question for our consideration is whether the income of petitioner Wegeforth for each of the years 1934 and 1935 should be increased in the amount of $1,195 and the income of petitioner Belcher for 1935 by a like amount by reason of the payments by the trustee of the irrevocable trust to investment counsel and attorneys designated by the grantor of the trust. There is no question here as to the right of the trustee to deduct from the gross income of the trust the expenses paid out by the trustee other than the payments to investment counsel which were made at the direction of petitioner Wegeforth. The respondent increased the net income of the petitioners by the amounts indicated, saying: “These payments were made for legal and investment advice rendered by your attorneys and investment counsel.”
The respondent considered that the amounts of $2,390 paid by the irrevocable trust in 1934 and 1935 were income of the petitioners paid out by the trustee in accordance with their direction; that the petitioners^were not engaged in a trade or business with reference to the operation of the trust property; and that therefore they are not entitled to exclude those amounts from their gross incomes.
The evidence does not show that either of the petitioners, or, for that matter, the trust, was engaged in a trade or business which would *639 warrant the deduction of the amounts here in question. They were not ordinary and necessary expenses paid in connection with the carrying on of a trade or business. The action of the respondent in increasing the net incomes of the petitioners by the above amounts is approved. See City Bank Farmers Trust Co., Trustee, 39 B. T. A. 29; affd. (C. C. A., 2d Cir.), 112 Fed. (2d) 457.
3. Petitioner Wegeforth claims the deduction from gross income of 1934 of $95 representing an amount paid by her for investment counsel. The respondent has disallowed the deduction upon the ground that she was not engaged in any trade or business which warranted the deduction. We approve his determination.
4. Petitioner Wegeforth created two revocable trusts in 1934. She is admittedly taxable upon the income of them under section 166 of the Revenue Act of 1934. She returned as net income the gross income of the trusts less payments made by the trust to attorneys and investment counsel, etc., of $6,416.05 for 1934, and $12,476.17 for 1935. In the determination of the deficiencies the respondent increased the petitioner’s income from the trusts by the amounts above stated, alleging that the petitioner is not entitled to those deductions since they were not ordinary and necessary expenses paid or incurred in the carrying on of any trade or business.
The petitioner argues that by reason of the size of the trusts and the many purchases and sales of securities this issue falls within the principle of Kales v. Commissioner (C. C. A., 6th Cir.), 101 Fed. (2d) 35. The facts in that case showed that Mrs. Kales carried on a large business in the purchase and sale of securities, and the court held that she was engaged in a business for profit which permitted her to deduct from gross income, as from a business carried on for profit, expenses incurred in the carrying on of such business.
Although the evidence in the instant case shows that petitioner Wegeforth devoted some time and attention to purchases and sales of securities, we do not think that the evidence shows that she was engaged in a trade or business involving her investments.
The facts in the proceedings at bar are somewhat similar to those involved in the case of Helen W. Heilbroner, 34 B. T. A. 1200; affirmed, sub nom. Kane v. Commissioner (C. C. A., 2d Cir.), 100 Fed. (2d) 382, where the petitioner employed a trust company to look after her investments. The Board and the court held that the amounts paid as expenses to trustees were not a legal deduction from gross income.
Section 23 (a) of the Revenue Act of 1934, as above indicated, provides for deductions of all “ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.” In a concurring opinion in the recent decision of the *640 United States Supreme Court in the case of Deputy v. duPont, 308 U. S. 488, Mr. Justice Frankfurter stated in part:
* * * To avail of the deductions allowed by §23 (a), it is not enough to incur expenses in the active concern over one’s own financial interest. “* * * carrying on any trade or business”, within the contemplation of §23 (a), involves holding one’s self out to others as engaged in the selling of goods or services. * * *
In Miller v. Commissioner (C. C. A., 9th Cir.), 102 Fed. (2d) 476, as in the instant proceedings, the property of the decedent taxpayer had been placed in a revocable trust, with the taxpayer as sole beneficiary and the right reserved in him to direct all investments and reinvestments of the corpus. The taxpayer there maintained an office in an office building in which he spent a few hours almost every day and he employed two men to do clerical work, keep his personal books, and read trade journals, financial services, and corporate statements. The Board decided that such activity did not constitute a trade or business and the Board’s decision was affirmed by the Ninth Circuit. See also City Bank Farmers Trust Co., Trustee, supra.
The action of the respondent on this issue is approved.

Decision will be entered v/nder Rule 50.